AMERICAN CREOSOTING CO., INC., ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 17777. Promulgated May 31, 1928.

*J. D. Peeler, Esq., Ward Loveless, Esq.*, and *F. O. Graves, Esq.*, for the petitioners.

*John D. Foley, Esq.*, for the respondent.

SMITH: This proceeding involves only the determination of preliminary issues relating to the jurisdiction of the Board and to the bar of the statute of limitations against the assessment and collection of deficiencies due from the petitioners. There is no dispute concerning the facts pertinent to these issues.

During the years 1918 and 1919, the American Creosoting Co., Inc., was affiliated with the Federal Creosoting Co., Inc., the Indiana Creosoting Co., Inc., the Shreveport Creosoting Co., Inc., the Colonial Creosoting Co., Inc., and the Georgia Creosoting Co., Inc. After the filing of tentative returns in March, 1919, covering operations for the calendar year 1918, the above-named companies filed, on June 14, 1919, a consolidated return on Form 1120 in the name of "American Creosoting Co. and affiliated corporations," indicating a total tax of $65,830.70. With this consolidated return each subsidiary company filed a return on Form 1122, as provided by the regulations of the department showing the portion of the total tax due from the entire group owed by each. This allocation was in accordance

---

[1] Federal Creosoting Co., Inc.; Indiana Creosoting Co., Inc.; Shreveport Creosoting Co., Inc.; Colonial Creosoting Co., Inc.; Georgia Creosoting Co., Inc.

with the net incomes of the several corporations. The taxes shown to be due were paid at the regular installment dates by checks of the American Creosoting Co., Inc., which in turn charged against the various affiliated corporations the amounts of tax owed by them.

On March 13, 1920, the above-named corporations filed a consolidated return for the calendar year 1919 on Form 1120 in the name of "American Creosoting Co., and affiliated corporations," indicating a total tax of $57,522.31. With this return and as a part thereof were filed a schedule entitled " Schedule of names and addresses of affiliated corporations and amounts of tax allocated to each " and a schedule entitled " Schedule M: reconciliation of net profit as shown by books of taxable net income." On said schedules the taxable net income and tax of each company on the basis of the consolidated return was clearly set forth. Furthermore, each subsidiary corporation filed a return on Form 1122, as provided by regulations of the Commissioner, and approved by the Secretary of the Treasury, showing the amount of the tax apportioned to it on the basis of its taxable net income. These taxes were assessed by the Commissioner in the name of "American Creosoting Co., Inc., and subsidiary corporations." They were paid at the regular installment due dates by checks of the American Creosoting Co., Inc., which in turn was reimbursed by the various affiliated companies on the amounts of tax shown on the various schedules to be due from them.

On July 14, 1921, an amended consolidated return was filed for the calendar year 1919, disclosing an additional tax of $51,502.21, which was paid on September 26, 1921, by check from the American Creosoting Co., Inc., which in turn received reimbursement for the amounts due from each of the affiliated companies on the basis of their respective net incomes.

The taxable net incomes and amounts of taxes paid by each of the affiliated companies under the original and amended returns for 1919 are shown by the following table:

| | Original return | | | Amended return | | |
|---|---|---|---|---|---|---|
| | Net income | Per cent | Tax paid | Net income | Per cent | Tax paid |
| American | $5,319.40 | 1.3295 | $764.70 | $52,516.87 | 8.87 | $9,670.47 |
| Federal | 107,293.28 | 26.8154 | 15,424.85 | 225,058.34 | 38.03 | 41,462.02 |
| Indiana | 1,639.88 | .4098 | 235.73 | 4,895.73 | .83 | 904.90 |
| Shreveport | 108,350.90 | 27.0797 | 15,576.89 | 133,193.21 | 22.50 | 24,530.52 |
| Colonial | 128,850.78 | 32.2032 | 18,524.04 | 127,553.40 | 21.55 | 23,494.79 |
| Georgia | 48,663.89 | 12.1624 | 6,996.10 | 48,647.60 | 8.22 | 8,961.82 |
| Total | 400,118.13 | 100 | 57,522.31 | 591,865.15 | 100 | 109,024.52 |

On the basis shown above, the American Creosoting Co., Inc., has paid $9,670.47 income and profits taxes for the taxable year 1919.

In March, 1924, the Commissioner made assessments against the American Creosoting Co., Inc., as follows:

1918, additional tax_____ $7,378.06
1919, additional tax_____ 46,651.59

Notices and demand for payment of these additional taxes were received by the American Creosoting Co., Inc., on April 25, 1924. No payment has ever been made on these additional assessments and no claims in abatement or bonds have ever been filed with the collector or with the Treasury Department with respect thereto. The additional taxes covered by the March, 1924, assessments represent part of the deficiencies involved in these proceedings.

On April 23, 1926, the Commissioner mailed a deficiency notice reading in part as follows:

AMERICAN CREOSOTING COMPANY,
  401 West Main Street, Louisville. Kentucky.
SIRS:

An examination of your income and profits tax returns and those of your affiliated companies discloses a deficiency in tax for the year 1919 of $34,672.58, and overassessments for the years 1917 and 1918 aggregating $12,759.25 as shown in the attached statement and accompanying schedules.

The statement referred to shows for the year 1918, a net overassessment, including the original assessment of $65,830.70 and the additional assessment of $7,378.06 made in March, 1924, of $4,973.68, and for the year 1919, an additional assessment of $34,672.58 over and above the $57,522.31 assessed upon the original return, the $51,502.21 assessed upon the amended return, and the additional $46,651.59 assessed in March, 1924.

On the basis of the assessment made in 1924 and the deficiency notice of April 23, 1926, the Commissioner asserted the following deficiencies against the American Creosoting Co., Inc., for the years 1918 and 1919:

|  | 1918 | 1919 |
|---|---|---|
| Assessment in March, 1924_____ | $7,378.06 | $46,651.59 |
| Overassessment proposed in deficiency letter_____ | 4,973.68 | |
| Additional tax proposed in deficiency letter_____ | | 34,672.58 |
| Net deficiency_____ | 2,404.38 | 81,324.17 |

No additional assessments for 1918 or 1919 have been made by the Commissioner against any of the other corporations which joined in the filing of the consolidated returns nor have any deficiency notices been mailed to any of said corporations covering taxes for 1918 or 1919.

On January 26, 1925, a waiver or consent was signed by the "American Creosoting Co., Inc., and subsidiary corporations" ex-

tending the time for assessment of any additional taxes due for the years 1917, 1918, and 1919 to December 31, 1925.

On November 21, 1925, the American Creosoting Co., Inc., signed and filed with the Commissioner a waiver of the " time prescribed by law for making any assessment " of taxes under any return for the years 1918 and 1919, with the following notation:

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of deficiency in tax be sent to the taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals, then said date shall be extended sixty days or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of the final decision of the Board.

On December 31, 1926, a waiver or consent was filed by the " Shreveport Creosoting Co.," extending the time for the assessment of any taxes " due under any return made by or on behalf of said taxpayer for the years 1909 to 1919, inclusive," to December 31, 1926.

No payments have ever been made on the additional assessments made against the American Creosoting Co., Inc., and no claims in abatement or bonds have ever been filed by the American Creosoting Co., Inc., or by any of the subsidiary corporations. No distraint or proceeding in court has ever been begun for the collection of any part of such taxes.

On June 21, 1926, the petitioners filed an appeal with the Board from the deficiency notice of April 23, 1926. The petition reads in part as follows:

UNITED STATES BOARD OF TAX APPEALS.

AMERICAN CREOSOTING COMPANY,
FEDERAL CREOSOTING COMPANY,
INDIANA CREOSOTING COMPANY,
SHREVEPORT CREOSOTING COMPANY,
COLONIAL CREOSOTING COMPANY,
GEORGIA CREOSOTING COMPANY,
                                        Petitioners,
            v.
COMMISSIONER OF INTERNAL REVENUE,
                                        Respondent.

PETITION

The above-named petitioners hereby petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency (IT: CR: G-7: AEW-60D) dated April 23, 1926, and as a basis of their proceeding allege as follows:

1. The petitioners are affiliated corporations, with principal offices at 401 West Main Street, Louisville, Kentucky.

2. The notice of deficiency (a copy of which is attached and marked Exhibit A) was mailed to the petitioners on April 23, 1926.

3. The taxes in controversy are income and profits taxes for the calendar years 1918 and 1919, and for $2,404.38 and $81,324.17, respectively.

4. The determination of tax set forth in the said notice of deficiency is based upon the following errors:

. *Issue No. 1.* The deficiency letter proposes additional taxes on the consolidated return to the American Creosoting Company which are allocable only to the various subsidiary companies and are barred as to both assessment and collection to such companies by the statutory period of limitations.

    \*     \*     \*     \*     \*     \*     \*     \*

STATE OF KENTUCKY, COUNTY OF JEFFERSON, ss.

A. L. Kuehn, being duly sworn says that he is President of the above-named American Creosoting Company, the Federal Creosoting Company, the Colonial Creosoting Company, the Georgia Creosoting Company, and Vice-President of the above-named Indiana Creosoting Company and the Shreveport Creosoting Company, and that he is duly authorized to verify the foregoing petition; that he has read the foregoing petition and is familiar with the facts contained therein, and that the facts stated are true.

                      A. L. KUEHN..

Subscribed and sworn to before me this 19th day of June, 1926. My commission expires January 26, 1930.

[Notarial seal]                 LIDA H. GAZLAY.

On August 5, 1927, the American Creosoting Co., Inc., tendered an amended petition, and on August 6, 1927, counsel for the American Creosoting Co., Inc., filed a motion for leave to amend the petition filed on June 21, 1926, in accordance with the amended petition tendered August 5, 1927. This motion was granted August 8, 1927. The amended petition bears the caption "American Creosoting Company, Inc., Petitioner, v. Commissioner of Internal Revenue, Respondent." It ends with the following verification:

STATE OF ILLINOIS, COUNTY OF COOK, ss.

A. L. Kuehn, being duly sworn, says that he is the president of the American Cresoting Company, Inc., the petitioner herein, and as such officer is duly authorized to verify the foregoing amended petition; that he has read the foregoing amended petition and is familiar with the statements contained therein, and that the facts stated therein are true.

                      A. L. KUEHN.

Subscribed and sworn to before me this 2nd day of August, 1927. My commission expires December 11, 1928.

[Notarial seal]               MAUDE MURRAY,
                *Notary Public, Cook County, Illinois.*

Neither the American Creosoting Co., Inc., nor any of the other affiliated corporations have made any agreement among themselves nor notified the Commissioner of any agreement that the income and profits taxes for 1918 and 1919 should be assessed to or apportioned among the affiliated corporations on any other basis than the portion of the net taxable income of each. On the contrary, the corporations have consistently apportioned the taxes paid for 1918 and

1919 strictly upon the basis of their respective taxable net incomes and the Commissioner was given due notice of said method of apportionment on schedules filed with the consolidated returns and by the returns filed on Form 1122.

The taxable net income, taxes paid and taxes allocable to each corporation on the basis of the Commissioner's determination of the consolidated net income and total taxes for 1918 and 1919 are shown by the following tables:

1918

| Name of company | Taxable net income | Per cent of total | Allocable tax | Tax paid | Difference | |
|---|---|---|---|---|---|---|
| American | $65,340.18 | 19.01 | $12,971.49 | $12,665.83 | $305.66 | Dr. |
| Federal | 83,758.14 | 24.37 | 16,628.89 | 20,005.95 | 3,377.06 | Cr. |
| Indiana | 4,274.52 | 1.24 | 846.11 | 651.72 | 194.39 | Dr. |
| Shreveport | 84,125.08 | 24.47 | 16,697.12 | 15,279.30 | 1,417.82 | Dr. |
| Colonial | 79,355.86 | 23.08 | 15,748.66 | 13,719.12 | 2,029.54 | Dr. |
| Georgia | 26,905.65 | 7.83 | 5,342.81 | 3,508.78 | 1,834.03 | Dr. |
| Total | 343,759.43 | 100 | 68,235.08 | 65,830.70 | 2,404.38 | Dr. |

1919

| Name of company | Taxable net income | Per cent of total | Allocable tax | Tax paid | Difference |
|---|---|---|---|---|---|
| American | $165,708.43 | 22.44 | $42,714.24 | $9,670.47 | $33,043.77 |
| Federal | 234,814.39 | 31.79 | 60,511.85 | 41,462.02 | 19,049.83 |
| Indiana | 5,777.56 | 0.78 | 1,484.72 | 904.90 | 579.82 |
| Shreveport | 137,099.66 | 18.57 | 35,347.75 | 24,530.52 | 10,817.23 |
| Colonial | 133,365.31 | 18.05 | 34,357.94 | 23,494.79 | 10,863.15 |
| Georgia | 61,845.35 | 8.37 | 15,932.19 | 8,961.82 | 6,970.37 |
| Total | 738,610.70 | 100 | 190,348.69 | 109,024.52 | 81,324.17 |

The American Creosoting Co., Inc., has underpaid its income and profits tax for the year 1918 in the amount of $305.66. As there is outstanding the assessment of $7,378.06 made against it in March, 1924, it has been overassessed for the year 1918 to the extent of $7,072.40.

For the year 1919 the American Creosoting Co., Inc., has underpaid the income and profits taxes allocable to it in the amount of $33,043.77. As there is outstanding an unpaid assessment against it in the amount of $46,651.56 made in March, 1924, it has been assessed $13,607.82 in excess of the taxes properly allocable to it.

On October 11, 1927, counsel for the American Creosoting Co., Inc., filed a motion that the case be set for trial at the earliest possible date on issues in bar of assessment and collection of the claimed deficiencies. In granting the motion on October 12, 1927, the hearing was set for December 6, 1927, and was limited to a consideration of the statute of limitations question.

From a consideration of the foregoing findings of fact, it is to be noted that the Commissioner has determined deficiencies against

the American Creosoting Co., Inc., only. The notice of deficiency sent by the Commissioner on April 23, 1926, does not purport to find deficiencies in tax due from other members of the affiliated group, although it was apparent to the members of the affiliated group that the deficiency found was a deficiency of the entire group and the members filed their petitions accordingly. The evidence is conclusive that the petitioners never made any agreement either among themselves or with the Commissioner that taxes due from the affiliated group should be assessed in any other manner than that indicated by section 240(a) of the Revenue Act of 1918, namely, upon the basis of the net income properly assignable to each.

Counsel for the respondent argues that the deficiency notice sent on April 23, 1926, was notice to all of the members of the affiliated group of deficiencies in tax due from them. But a careful examination of the deficiency notice shows that the Commissioner has not made any determination of deficiency against any other corporation than the American Creosoting Co., Inc. The filing of appeals by the other members of the affiliated group or the joining by such members in an appeal filed by the American Creosoting Co., Inc., for the redetermination of deficiencies against it will not give the Board jurisdiction to consider their appeals. The plain facts are that the respondent has made no determination of deficiencies in tax against the affiliated corporations other than the American Creosoting Co., Inc. In view of this fact an order will be entered dismissing the proceeding in so far as it relates to the Federal Creosoting Co., Inc., the Indiana Creosoting Co., Inc., the Shreveport Creosoting Co., Inc., the Colonial Creosoting Co., Inc., and the Georgia Creosoting Co., Inc., since they are not proper parties appellant. *M. S. C. Holding Corporation*, 7 B. T. A. 216; *Cincinnati Mining Co.*, 8 B. T. A. 79; *Caughey-Jossman Co.*, 8 B. T. A. 201.

Reverting to the statute of limitations issue, we find it unnecessary to dwell at length thereon. The American Creosoting Co., Inc., admits that in so far as it is concerned the question comes squarely within the rule laid down by the Board in *Art Metal Works*, 9 B. T. A. 491, wherein we held that under the provisions of section 278(d) of the Revenue Act of 1924, the respondent has six years from the date of assessment for the collection of any taxes properly assessed within the five-year period provided for in section 250(d) of the Revenue Act of 1921, where such five-year period expired subsequent to June 2, 1924, the date of the enactment of the Revenue Act of 1924. See also *Sunshine Cloak & Suit Co.*, 10 B. T. A. 971. Notwithstanding petitioners' argument in favor of so doing we are not disposed to disturb such rule. The deficiencies due from the American Creosot-

ing Co., Inc., for 1918 and 1919 are either covered by assessments or by consents extending the period of time within which assessment may be made beyond the date on which the deficiency notice was sent to the American Creosoting Co., Inc.

In accordance with the foregoing, the appeal of the American Creosoting Co., Inc., Docket No. 17777, will be restored to the calendar for hearing on the merits. An order will be issued accordingly.

Reviewed by the Board.

GREEN and MILLIKEN dissent.