SHEFFIELD DENTIFRICE CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 11814.   Promulgated October 10, 1928.

*Ben Jenkins*, *Esq.*, and *David J. Shorb*, *Esq.*, for the petitioner.
*John D. Foley*, *Esq.*, for the respondent.

OPINION.

SMITH: 1. In its petition the petitioner alleges that the Commissioner has determined that the cost of the trade-mark " Creme Yvette," upon which a profitable branch of its business depended, was $46,-875. This is admitted by the answer of the respondent. The evidence indicates that this was acquired by the two Sheffield brothers, who owned all of the capital stock of the petitioner and of the New England Collapsible Tube Co. in equal interest and that they turned over this business to the Sheffield Dentifrice Co. for a nominal consideration. The March 1, 1913, value of the trade-mark is not definitely shown but the value of the trade-mark was as great on March 1, 1913, as it was at the date of acquisition by the brothers.

Under the provisions of the war-time prohibition act of November 21, 1918, the petitioner was prevented from manufacturing and selling the product after June 30, 1919. Its last sale of the product was on June 27, 1919. Prior to that date the Eighteenth Amendment to the Constitution had been ratified and the manufacture and sale of " Creme Yvette " could under no circumstances be made after the early part of 1920. In these circumstances we think that any deductible loss to the petitioner upon its investment in the trade-mark " Creme Yvette " was sustained in 1919. This is in accordance with the decision of the Board in *William Zakon,* 7 B. T. A. 687.

The investment of the petitioner in the trade-mark was $46,875, and it is entitled to deduct that amount from its gross income of 1919 as a loss sustained within the year.

2. The petitioner claims that the cost to it in 1916 of two frame dwellings standing upon a lot adjoining its factory was $5,500; that depreciation has been sustained upon the buildings up to January 1, 1919, of $366.67; and that when it sold the buildings in 1919 for $1,800 it sustained a loss of $3,333.33. In view of the decision upon the first point it becomes unnecessary to decide this issue, since the loss sustained on the trade-mark " Creme Yvette " is in excess of the net income claimed to have been realized by the petitioner from 1919 operations.

3. Section 240(a) of the Revenue Act of 1918 provides in part:

In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *

The respondent has ignored this provision of law in the determination of a deficiency due from the petitioner. He has sought to hold the petitioner liable to the total income and profits tax due from the petitioner and the New England Collapsible Tube Co. In *American Creosoting Co.*, 12 B. T. A. 247, we held:

A corporation affiliated with another corporation under section 240 of the Revenue Act of 1918 does not lose its status as a " taxpayer " and an assessment against such corporation in the absence of an agreement that the taxes due from other affiliated corporations may be collected from it will not authorize the collection from it of taxes due from such other corporations, and a notice to it of a deficiency in taxes due from other affiliated corporations joining with it in filing a consolidated return will not authorize the filing with the Board of petitions for the redetermination of deficiencies by other affiliated corporations.

The application of the same principle to the case at bar requires us to hold that any deficiency which may be due from the New England Collapsible Tube Co. may not be asserted against the petitioner.

Other assignments of error made by the petitioner in its petition have either been waived or no evidence has been adduced in support of them. The Board must, therefore, consider that they have been abandoned. Motion for judgment on behalf of the respondent for the deficiency determined by him is denied.

It clearly appears that the petitioner had no taxable net income for 1919, after allowing the deduction from gross income of the loss sustained upon its investment in the trade-mark " Creme Yvette."

Reviewed by the Board.

*Judgment of no deficiency will be entered.*

MURDOCK dissents.