**WOURDACK v. BECKER, Collector of Internal Revenue.**

No. 9197.

Circuit Court of Appeals, Eighth Circuit.

Feb. 2, 1932.

Rehearing Denied Feb. 23, 1932.

Chase Morsey, of St. Louis, Mo., for appellant.

Charles K. Hoover, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (Louis H. Breuer, U. S. Atty., of Rolla, Mo., Claude M. Crooks, Asst. U. S. Atty., of St. Louis, Mo., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Charles T. Hendler, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before VAN VALKENBURGH, BOOTH, and GARDNER, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Paris Gas & Electric Company and Danville Light, Power & Traction Company were two Kentucky corporations against which in April, 1928, the Commissioner of Internal Revenue assessed, for the year 1923, additional taxes, amounting in May, 1928, with interest and penalties, to $1,786.12. Of these corporations appellant was at one time president, and, as such, had signed their income tax returns. There is evidence that, during the year 1923, these corporations had sold their assets, and had discontinued business. The collector of the district of Kentucky, being unable to collect these taxes in his district, sent the tax bills to the collector of internal revenue for the First district of Missouri at St. Louis, appellee herein. Learning that appellant was, or had been, the president of the taxpayer corporations, appellee, by his deputy, sent the tax bills to the corporations in care of appellant, at his office in the Railway Exchange Building in St. Louis, and demand-

ed payment. There is some conflict in the testimony as to what took place in the office of the Collector of Internal Revenue May 24, 1928. Appellant testified as follows:

"I called up the Collector's office and asked for the gentleman (Mr. Wunsch) who had left his name and I went over to see him. He presented Exhibits 1 and 2 and I told him my attorney was out of the city and that I was going away next day on account of my wife's health, and that I would like to let the thing ride.

"He said, 'Well, this is an order in distraint, and it will have to be taken care of.'

"I told him that I didn't owe the taxes, and if anybody owed them it would be the Paris Gas & Electric Company and the Danville Light, Power & Traction Company. We talked around that way for awhile. Finally he said, 'Well, I have got this order and something has got to be done with it.'

"I said, 'What is the answer to it?'

"He said, 'The answer is the Government will levy on your bank account.'

"I was going away the next day with my wife, who was not well, and I asked him to hold it over. It was after banking hours, and I couldn't get in touch with my attorney.

"The next day I wrote a check for the amount and had my secretary write on the check in red ink 'Paid under duress and protest,' and also had her write the same on plaintiff's Exhibits 1 and 2, and took them and the check over and paid the tax.

"The check was my individual check. I was going away and didn't want my bank account tied up."

Wunsch, the deputy collector, gave the following version as to what occurred:

"I called at Mr. Wurdack's office in the Railway Exchange Building. He was not in, so I left my card and told the young lady that I would be back. I called back and presented these warrants for distraint to Mr. Wurdack and told him, 'I am making this personal service on you of these warrants.'

"And he said, 'I do not owe the tax.'

"I said, 'Well, the warrants are made out in your care and I am making a personal service which I have to do by law, and it will be up to you to take care of these taxes.'

"He came over to office in the afternoon and he said, 'What is the procedure in the collection of these taxes?'

"I said, 'There are various ways, we will file a lien, and various other ways in the collection.'

"He said he was going on a vacation and that he would rather pay than to have any trouble, so he wrote out a check for the full amount of the two warrants right at my desk.

"Q. In this case, Mr. Wunsch, did you at any time threaten to levy on the individual bank deposit of Mr. Wurdack, for the taxes which are assessed in the names of the Paris Gas & Electric Company and Danville Light, Power & Traction Company? A. I didn't threaten to levy on the bank deposits, no, sir.

"Q. Did you tell him that if he didn't pay it that you would levy on his individual bank deposit? A. No, sir; I said I would file a lien.

"Mr. Hendler: That is all.

"Cross-Examination:

"By Mr. Morsey:

"Q. File a lien against his property? A. Sir?

"Q. File a lien against his property? A. Yes, sir.

"Mr. Morsey (for appellant): That is all."

September 17, 1929, appellant filed his personal claim for refund with the collector at St. Louis. This claim was rejected by the Commissioner of Internal Revenue, principally because it was not filed by the taxpayers against which the taxes were assessed. No claim for refund was filed on behalf of the corporations. May 1, 1930, appellant brought suit against appellee to recover the amount of the taxes paid by him. The grounds for recovery stated in his petition are these:

"Plaintiff further states that defendant insisted that plaintiff was liable for the payment of said taxes and threatened to seize the property of plaintiff by means of distraint unless he paid said taxes.

"Plaintiff further states that in order to avoid the seizure and sale of his property he paid said taxes, interest and penalties amounting in the aggregate to $1786.12 on said 23rd day of May, 1928. That said payment was made under protest and the amount was collected by defendant from plaintiff without warrant or authority of law."

At the trial a jury was waived, and, the court, finding the facts substantially as stated above, concluded, as matter of law, that "the act of plaintiff in paying the taxes in question was voluntary and not under duress," and entered a general judgment in favor of appellee. In Federal Intermediate Credit Bank v. L'Herisson, 33 F.(2d) 841 follow-

ing a long line of decisions by this court, we held that: "Party seeking review of question whether record contains any substantial evidence to support findings and judgment against him must move for judgment in his favor on such ground, request declaration of law to that effect, or take some other equivalent step, secure ruling by trial court, and take exception thereto." Appellant did none of these things. Therefore, our review should extend only to a determination of the sufficiency of the facts found to support the judgment. However, we are of opinion that the entire record amply supports the conclusion reached.

It will be noted that nowhere does it appear that appellee, through his deputy, threatened to seize the property of appellant by means of distraint, nor that the taxes were paid to avoid such seizure and an ensuing sale. Appellant says Deputy Wunsch threatened to levy on his bank account; that he was going away the next day on account of his wife's health, and did not wish to have his bank account tied up. This statement that the collector threatened a levy upon his bank account is categorically denied by the deputy collector, and there is in the record substantial evidence to support the finding and conclusion of the trial court.

"The authorities are in general accord that taxes voluntarily paid cannot be recovered back. Every man is supposed to know the law, and, if he voluntarily makes a payment which the law would not compel him to make, he cannot invoke the aid of the courts to get his money back. This is a rule of repose of general application founded on sound public policy." 33 Corp. Jur. p. 363, par. 275; Thompson v. United States (D. C.) 8 F.(2d) 175.

"The general rule is that, where an unfounded or illegal demand is made upon a person, and the law furnishes him adequate protection against it, or gives him an adequate remedy, and, instead of taking the protection the law gives him or the remedy it furnishes, he pays what is demanded, such payment is deemed to be a voluntary, and not a compulsory payment." 48 Corp. Jur. p. 753, par. 310.

It is true that there is an exception to this rule where his remedy would not be sufficient to protect him from serious or irreparable injury; but mere delay, inconvenience, and expense, to which a party may be subjected by resisting a demand, does not amount to legal compulsion. Hess v. Cohen, 20 Misc.

Rep. 333, 45 N. Y. S. 934. As has been said, it was the duty of appellant to know the law.

"While a payment of the tax by one included in the class to which a statute applies in order to avoid penalties and forfeiture is compulsory, it is not so as to one not included in such class and payment thereof by such person is voluntary and not under duress." Gaar, Scott & Co. v. Shannon, 223 U. S. 468, 32 S. Ct. 236, 56 L. Ed. 510.

Appellant did not make this payment, he testifies, until the day following his interview with the deputy collector. He had ample time to seek legal advice, and to invoke the protective remedy which the law gives him.

"An injunction may be issued to restrain the collector of internal revenue from seizing the property of plaintiff for the taxes owing by another, where such seizures threaten disruption of plaintiff's going business, resulting in the infliction of uncertain damages and irreparable injury." Long v. Rasmussen, Collector (D. C.) 281 F. 236; Pool v. Walsh (C. C. A. 9) 282 F. 620.

It is not denied that the taxes were legally assessed. Any effort to procure a refund by the taxpayers would, of course, have proved unsuccessful.

We have given a more extended consideration to the merits of this case than the state of the record warrants, through desire to determine beyond doubt that there has been no miscarriage of justice. It is clear that the trial court's finding that the payment was, in point of law, a voluntary one, is supported substantially by the record. In such case there can be no recovery in this action. Heckman & Co., Inc., v. Dawes & Son Co., Inc., 56 App. D. C. 213, 12 F.(2d) 154; Semple & Co. v. Lewellyn (D. C.) 1 F.(2d) 745; Coffey v. Exchange Bank (C. C. A. 8) 296 F. 807.

The judgment below is affirmed.