**DORRANCE et al. v. PHILLIPS, Collector of Internal Revenue.**

**No. 5804.**

Circuit Court of Appeals, Third Circuit.

Aug. 31, 1936.

David E. Kaufman, of Philadelphia, Pa., and Ralph W. Rymer and William J. Fitzgerald, both of Scranton, Pa., for appellants.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a judgment of the District Court denying recovery to the receivers of the Temple Coal Company, hereinafter called the Temple Company, of taxes which they allege were erroneously paid for the years 1921 and 1923.

For the years in question and for many years prior thereto, the Temple Company had filed a consolidated tax return for itself, and for the Lackawanna Coal Company and the Mt. Lookout Coal Company. The Lackawanna Company was rejected as a member of the affiliated group and was separately assessed for the years 1918, 1919, and 1920. As a result the Lackawanna Company in 1927 paid over $28,000 on its own individual tax to the collector. Because of the rejection of the Lackawanna Company as a member of the affiliated group which resulted in changing the basis of invested capital, depletion, depreciation,

and inventory, and because the Lackawanna Company, itself, had not paid any of the tax, a claim for refund was filed by the Temple Company for 1921 and 1923. The Commissioner of Internal Revenue recognized the claim as just and correct and issued certificates of overassessment for both years. However, from the overpayment for 1921, $5,466.58 was deducted as a deficiency due from the Lackawanna Company for that year, and a deduction of $24,877.04 for 1923. The Temple Company objected to these deductions and brought suit to recover them. The case was tried to the court without a jury. The Court denied recovery on the grounds that the Temple Company had assumed the tax of the Lackawanna Company and that the payments which it made for the Lackawanna Company were made voluntarily. Thereupon appeal was taken to this court.

The question is whether the tax paid by the Temple Company for the Lackawanna under these circumstances can be recovered.

■ There is no real dispute of fact between the parties. The overpayments are evidenced by the certificate of the government. There would be no question about the right of the Temple Company to recover except for the fact that the Lackawanna Company owed a tax for the years in question, because upon the delivery by the government of certificates of overpayment a cause of action arises, Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018, and the taxpayer has the right to sue the government on its implied promise to pay, Friday & Co. v. United States (C.C.A.) 61 F. (2d) 370.

If the tax had in fact been paid by the Lackawanna Company through the Temple Company, erroneously assumed to be the parent company in the group alleged to be affiliated, the contention of the collector might be sound under the authority of the case of Meyersdale Fuel Company v. United States (Ct.Cl.) 44 F.(2d) 437, but there can be no dispute that the Temple Company paid the entire tax and that the Lackawanna Company did not pay directly or indirectly any tax whatever assessable against it for the years 1921 and 1923. The Temple Company paid the tax, in making a consolidated return as the parent company, on the assumption that it was properly and legally affiliated with the Lackawanna Company. The payment was accordingly a pure mistake on the part of the Temple Company and cannot be construed as an assumption of the obligations of the Lackawanna Company by the Temple Company or a voluntary payment of its debts to the government. The affiliation was the ground or foundation upon which the Temple Company based its action, and when the foundation fell away, the company cannot be held to have assumed the tax obligations of the Lackawanna Company or to have voluntarily paid them. The government cannot reject affiliation with the one hand and hold onto the fruits of affiliation with the other. If the companies had been affiliated, the Temple Company, as the parent company of the group, could have legally paid the taxes of the Lackawanna Company, but not being affiliated it could not legally pay the taxes of that company and its act in so doing was ultra vires.

The cases upon which the collector relied do not support his contention:

In the case of Mather Paper Company v. Commissioner, 3 B.T.A. 1, all the members of the group were affiliated; each member paid its proportionate share of the tax.

In Wourdack v. Becker (C.C.A.) 55 F.(2d) 840, the ex-president of the company paid its taxes voluntarily on no mistaken theory of fact or law, and, of course, he could not recover them. To the same effect are the cases of Clift & Goodrich v. United States (C.C.A.) 56 F.(2d) 751, and Ohio Locomotive Crane Company v. Denman (C.C.A.) 73 F.(2d) 408.

The disposition of the case at bar in the last analysis depends upon whether or not the right of action, created upon the delivery by the government of certificates of overpayment by the Temple Company, can be defeated by the collector by taking these overpayments and arbitrarily crediting them to the Lackawanna Company which had not paid a cent of them.

Section 240 of the Revenue Act of 1918 (40 Stat.1081) provides that: "In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each."

The assessment mentioned in that statute may be made in the case of "affiliated"

corporations in the proportions "agreed upon." Such affiliated corporations do not lose their status as taxpayers or distinct corporate entities. In discussing this question the Board of Tax Appeals in the case of American Creosoting Company, Inc. v. Commissioner, 12 B.T.A. 247, said: "A corporation affiliated with another corporation under section 240 of the Revenue Act of 1918 does not lose its status as a 'taxpayer' and an assessment against such corporation in the absence of an agreement that the taxes due from other affiliated corporations may be collected from it will not authorize the collection from it of taxes due from such other corporations, and a notice to it of a deficiency in taxes due from other affiliated corporations joining with it in filing a consolidated return will not authorize the filing with the Board of petitions for the redetermination of deficiencies by other affiliated corporations."

 The Temple Company made a consolidated return for the years 1918, 1919, and 1920, and it had to make like returns for 1921 and 1923 or suffer the penalties provided by the statute and regulations. The payments were accordingly not voluntary. Wourdack v. Becker, Collector, supra; Gaar, Scott & Co. v. Shannon, 223 U.S. 468, 32 S.Ct. 236, 56 L.Ed. 510. But even if they had been, under section 1014 of the Revenue Act of 1924 (43 Stat. 343), in force at. the time the payments were credited to the Lackawanna Company, they may be recovered. Moore Ice Cream Company v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; United States v. S. F. Scott & Sons, Inc. (C.C.A.) 69 F.(2d) 728.

 While section 240 of the act of 1918 (40 Stat.1081) and the same section in the Revenue Act of 1926 (44 Stat. 46) authorize a single or consolidated return for an affiliated group, it does not have anything to do with specific items of taxation or deduction, but only with the manner of the return and the grouping of gains and losses. If it is advantageous to the group to make a consolidated return it may do so, but for all other purposes they remain as they were before affiliation, individual taypayers. Commissioner v. Van Camp Packing Company, Inc. (C.C. A.) 67 F.(2d) 596; Woolford Realty Company, Inc. v. Rose, Collector, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128. In the absence of affiliation, the commissioner has no authority to credit the money paid by one corporation to another. Paul and Mertens Work on Law of Federal Income Taxation, vol. 4, § 38.25 (page 454) says: "This principle of separate liability applies if there is a consolidation; a fortiori where affiliation is denied after a consolidated return is filed, it is necessary to determine the proper separate tax liability of each corporation when it is held that there is no affiliation. The basic principle is that a taxpayer is entitled to refund or credit with respect to any tax liability (a) paid by it, or (b) paid on its behalf by another member of the group, where the liability determined is less than the payment. The taxpayer who pays is ordinarily the one who is entitled to credit or refund. It follows from these principles that where a consolidated return is filed by a parent corporation for itself, and the taxpayer, its subsidiary, paid its proportion of the tax to the parent corporation, which paid it to the government, and a portion thereof was subsequently refunded to· the parent corporation, resulting in a deficiency, the taxpayer is entitled to credit for the sum it paid to the parent corporation. To be distinguished from this situation is a situation in which the refund made to the parent corporation was not retained by it but was passed over to the taxpayer."

Judge Williams in the case of Hart Glass Manufacturing Company v. United States (Ct.Cl.) 48 F.(2d) 435, 442, said: "The statute authorizes an overpayment to be credited 'against any income, war-profits, or excess-profits tax or installment thereof then due from the taxpayer.' * * * This language does not authorize such overpayment to be credited against taxes due from any taxpayer other than the one making the overpayment. The taxpayer making the overpayment in this case was the plaintiff. The commissioner applied such overpayment to the payment of taxes due from another taxpayer. His action in that respect was erroneous."

 The fact of payment of its proportion of the taxes due by the affiliate seeking credit in the Meyersdale Case, supra, and the recent case of Pioneer Coal & Coke Company v. United States, 14 F.Supp. 661, decided by the Court of Claims on May 4, 1936, upon which the government relies, distinguishes those cases from the Hart Case, supra, in which there was no payment by the subsidiary or agreement between it and the parent company. In.

the case at bar, there was no payment by the Lackawanna Company or agreement between it and the Temple Company. It was not even an affiliate of the Temple Company. It follows under the principles declared in the above cases, the Commissioner could not take the money paid by the Temple Company and credit it to the Lackawanna Company.

Since there was no dispute of fact, the District Court should have entered judgment for the appellants.

The judgment is reversed, and the case remanded to the District Court, with directions to enter judgment for the appellants.

THOMPSON, Circuit Judge (dissenting).

I am constrained to dissent for the reason that under the facts in the instant case the payments were voluntarily made by the appellant. Recovery in such cases is denied. Clift & Goodrich v. United States (C.C.A.) 56 F.(2d) 751, certiorari denied 287 U.S. 87, 53 S.Ct. 17, 77 L.Ed. 536; Wourdack v. Becker (C.C.A.) 55 F.(2d) 840, certiorari denied 286 U.S. 548, 52 S.Ct. 501, 76 L.Ed. 1285; Ohio Locomotive Crane Co. v. Denman (C.C.A.) 73 F.(2d) 408, certiorari denied 294 U.S. 712, 55 S.Ct. 508, 79 L.Ed. 1246.