## HART GLASS MFG. CO. v. UNITED STATES.
### No. 7442.

Circuit Court of Appeals, Seventh Circuit.
March 27, 1941.

Samuel O. Clark, Jr., and Lee A. Jackson, Asst. Attys. Gen., James R. Fleming,

U. S. Atty., of Fort Wayne, Ind., and Luther M. Swygert, Asst. U. S. Atty., of Hammond, Ind., for appellant.

Forman D. McCurdy and Frank C. Olive, both of Indianapolis, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge.

This is an appeal from the judgment of the District Court in favor of plaintiff for $10,000 and interest, based upon a certificate of overassessment issued by the Commissioner of Internal Revenue showing that plaintiff had overpaid its 1918 taxes in the sum of $11,500.63. The suit was brought to recover $10,000 apparently on the theory that the District Court was without jurisdiction to entertain a suit to recover a greater sum under the provisions of the Tucker Act, 28 U.S.C.A. § 41(20).

The facts are not in dispute. Plaintiff filed its individual income tax return for the taxable year 1918. Plaintiff, during that year, was affiliated with the T. F. Hart Paper Company, which is designated in the findings as the parent company. On February 10, 1927, the Commissioner issued and delivered to plaintiff a certificate of overassessment showing that plaintiff had overpaid its 1918 taxes in the sum of $11,500.63. This sum was not paid or refunded to plaintiff, but, on the contrary, without any authority from and without the consent of the plaintiff, the Commissioner applied and appropriated such sum to an unpaid tax obligation of its affiliate, the T. F. Hart Paper Company.

The action of the Commissioner in applying plaintiff's overpayment to the payment of taxes due from T. F. Hart Paper Company was erroneous and illegal. In the case of Hart Glass Company v. United States, Ct.Cl., 48 F.2d 435, 442, the Court said: "The statute authorizes an overpayment to be credited 'against any income, war-profits, or excess-profits tax or installment thereof then due from the *taxpayer.*' (Italics ours.) This language does not authorize such overpayment to be credited against taxes due from any taxpayer other than the one making the overpayment. The taxpayer making the overpayment in this case was the plaintiff. The commissioner applied such overpayment to the payment of taxes due from another taxpayer. His action in that respect was erroneous."

The certificate of overassessment evidences the amount of the overpayment. A balance due the plaintiff in the sum of $11,500.63 was stated. No part of the balance has been refunded to the taxpayer. Upon the issuance of the certificate of overassessment the law raised an implied promise to pay. Friday & Co. v. United States, 3 Cir., 61 F.2d 370. See also C. T. C. Inv. Co. v. United States, 7 Cir., 108 F. 2d 383. Upon the delivery of the certificate of overassessment the cause of action arose. Bonwit Teller & Co. v. United States, 283 U.S. 258, 51 S.Ct. 395, 75 L.Ed. 1018.

The fact that the Commissioner erroneously applied the amount of the refund will not defeat recovery. Dorrance v. Phillips, 3 Cir., 85 F.2d 660.

The judgment is affirmed.