SWEETS COMPANY OF AMERICA, Inc., v. COMMISSIONER OF INTERNAL REVENUE (two cases).

Nos. 7—8.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

Felix H. Levy, of New York City (John J. Sweedler, of New York City, of counsel), for petitioners.

G. A. Youngquist, Asst. Atty. Gen., John Vaughan Groner and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and F. D. Strader, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

G. Carroll Todd, of Washington, D. C., and Henry McAllister, of Denver, Colo., with Rollin Browne, of New York City (Taylor, Blanc, Capron & Marsh and Carter T. Louthan, all of New York City, of counsel), filed briefs, by leave of court, as amici curiæ.

Before L. HAND, SWAN, and MACK, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The questions which are said to be presented by these appeals, and to which counsel have directed their argument, are the following: (1) Has the Commissioner authority to reverse his predecessor's ruling that a single consolidated return be made for the year 1919? (2) Under section 240 of the Revenue Act of 1918 (40 Stat. 1081), does the addition or loss of a member of an affiliated group bring into being a new and different taxpayer? (3) If a change in the membership of an affiliated group brings into being a new taxpayer, may a net loss sustained by one such group be offset against the net income of another such group for the preceding period, under section 204(b) of the Revenue Act of 1918 (40 Stat. 1061)?

The first question · was properly answered by the Board of Tax Appeals in the affirmative. The initial ruling was made pursuant to article 634, Treasury Regulations 45 (1920 Edition), which reads as follows:

"Art. 634. *Change in Ownership during Taxable Year.* When one corporation owns

or controls substantially all the stock of another corporation at the beginning of any taxable year, but during the taxable year sells or parts with the control of all or a majority of such stock to outside interests not affiliated with it, or when one corporation during any taxable year acquires the ownership or control of substantially all the capital stock of another corporation with which it was not previously affiliated, a full disclosure of the circumstances of such changes in ownership shall be submitted to the Commissioner. In accordance with the peculiar circumstances in each case the Commissioner may require separate or consolidated returns to be filed, to the end that the tax may be equitably assessed."

The regulation remained substantially the same in 1923, when Commissioner Blair reversed the prior ruling. See article 634, Regs. 62 and 65. Whether he believed his predecessor's ruling to be erroneous in law or in fact is immaterial. There were no facts creating an estoppel in favor of the petitioners, even if it be assumed that estoppel may be raised against a tax liability—a question not now necessary to consider. Within the statutory period of limitations and in the absence of a binding settlement, the Commissioner had authority to re-examine and redetermine the petitioners' tax liability. See Botany Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379; Loewy & Son v. Commissioner, 31 F.(2d) 652, 654 (C. C. A. 2); Holmquist v. Blair, 35 F.(2d) 10 (C. C. A. 8); Austin Co. v. Commissioner, 35 F.(2d) 910, 912 (C. C. A. 6); McIlhenny v. Commissioner (C. C. A. 3), 39 F.(2d) 356.

■ In requiring three returns for the calendar year 1919, the Board of Tax Appeals held, in effect, that an affiliated group is the taxpayer, that each change in the membership of an affiliated group creates a new taxpayer, resulting in a new taxable period or "year," and requiring a separate consolidated return for each group of different membership. With such construction of section 240 we do not agree. It was rejected by the Court of Claims in a very recent opinion, Swift & Co. v. United States, reported in 38 F.(2d) 365, for reasons so fully explained that we need not here repeat them. It will suffice to say that we concur with the Court of Claims in the view that the several members of the affiliated group remain the taxpayers and that the statutory provisions for a consolidated return declare merely a method of computing the taxes of the corporate members of the group. A change in the group does not create a new taxpayer nor change the "taxable year" of those members whose affiliation continues. It does, however, affect the computation of the consolidated net income of the group. The second question stated at the beginning of this opinion must be answered in the negative.

■■ Under this construction of the statute it is apparent that the affiliation of the New York corporation and the Lance Cough Drop Company continued until their merger. Their consolidated net income from January 1 to October 31 was $16,488.80. During the last four months of this period, the Virginia corporation was also affiliated with them, but, as it had neither income nor loss during this time, its addition to the group could affect the tax only in so far as its invested capital might change the invested capital of the affiliated group. There is no finding by the Board as to the invested capital of the Virginia corporation.

It is true that in Swift & Co. v. United States, supra, the "parent or principal" corporation continued the same and the new member which was added for a part of the taxable year, was a subsidiary; while in the case at bar it may perhaps be said that the addition of the Virginia corporation substituted a new parent company, although the New York corporation (the "parent" of Lance Cough Drop Company) continued in the same relation to it as before. The affiliation between these two companies continued until their merger, and we can see no reason why their tax should not be computed upon a consolidated return for this entire period, whether the additional member which joined the group for part of the period be a "parent" or a "subsidiary" company.

The petitioners argue that affiliation continued after merger of the New York corporation into the Virginia corporation, which, if true, would permit one consolidated return for the entire calendar year, with the result that the Virginia corporation's losses during the last two months would wipe out all consolidated net income. Counsel relies upon Western Maryland R. Co. v. Commissioner (C. C. A. 4) 33 F.(2d) 695, and Grand Rapids National Bank v. Commissioner, 9 B. T. A. 1119. Whether they may be differentiated from the case at bar, we do not stop to inquire. It will suffice to say that in our opinion, affiliation under the statutory definition necessarily ceased when, after the final merger, only one corporation

remained in existence. Hence the Virginia corporation must file a separate return for the last two months of the year. A consolidated return for all three of the corporations should cover the period up to October 31, 1919.

The Virginia corporation having had no income during the period ending October 31, 1919, we need not consider section 204 (b), for, even if it were construed to be applicable, the Virginia corporation could gain no benefit from crediting its losses of the last two months against its income of the prior period.

Accordingly, the orders are reversed, and the proceedings remanded for further proceedings in conformity with this opinion.