**WOOLFORD REALTY CO., Inc., v. ROSE, Collector of Internal Revenue.**

No. 1246.

District Court, N. D. Georgia, Atlanta Division. Nov. 14, 1930.

Sutherland & Tuttle and Joseph B. Brennan, all of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

SIBLEY, District Judge.

Woolford Realty Company sues to recover as an overpayment income tax paid on a consolidated return for itself and Piedmont Savings Company for the year 1927. A general demurrer is interposed. The petition and exhibits show these facts: Piedmont Savings Company, prior to 1927, was not so affiliated with plaintiff as to permit consolidated returns. The separate returns of Piedmont Savings Company for 1925 and 1926 showed net losses. The consolidated return for 1927 showed a small net loss for the Piedmont Savings Company which was taken off the net income shown for Woolford Realty Company in fixing the consolidated tax. By an amendment of the consolidated return, there were sought to be brought forward as additional deductions the net losses of the Piedmont Savings Company for 1925 and 1926, which would have canceled the net income for 1927 of Woolford Realty Company. The correctness of the denial of these deductions is the whole question here.

Section 240 of the Revenue Act of 1926 (26 USCA § 993), permits affiliated corporations to make consolidated returns for "any taxable year" under regulations prescribed by the Commissioner. The Regulations 69, article 632 and following, deal with consolidated returns, but make no express provision about carrying forward previous separate net losses. Article 634, relating to changes of ownership during the year, rather indicates a purpose to exclude from the consolidated return all separate business. Article 635, relied on by plaintiff, while it requires the separate deductions for each corporation to be stated, says nothing about what they shall include. Ordinarily the deductions are the same that would be shown for each corporation on a separate return. Article 1622 of Regulation 69, which deals with carrying forward a net loss for deduction the following year, says: "It should be noticed, however, that a net loss for a preceding year may not be considered in computing a net loss for a succeeding year." This is a fair interpretation of the language of Revenue Act of 1926, § 206(b), 26 USCA § 937(b), on the point. Since, therefore, Piedmont Savings Company made no net income in 1927, but a net loss, these previous net losses would not be considered in a separate return. In permitting consolidated returns where one corporation substantially owns the other, Congress apparently desired to recognize that the busi-

ness might all be justly considered that of the parent company, and its profits and losses dealt with accordingly "for the taxable year." Laying emphasis on the quoted words, and confining the period of consolidated accounting to the period of actually affiliated business will effectuate this intent. Article 634 of the Regulation even carries it into fractions of a year. To permit a money earning corporation to take credit for net losses of another corporation which it has subsequently bought would not be in line with, but antagonistic to, the intent of, and the reasons for, the law. Whether the net losses for 1925 and 1926 would have been available if a net income had been shown by the Piedmont Savings Company after affiliation in 1927 need not be here decided.

The petition sets forth no cause of action, and will be dismissed.