## AMERICAN–HAWAIIAN S. S. CO. v. UNITED STATES.

### No. K–476.

Court of Claims. · Feb. 9, 1931.

Arthur A. Ballantine, of New York City (George E. Cleary, of New York City, Clark T. Brown, of Washington, D. C., and Root, Clark, Buckner & Ballantine, of New York City, on the brief), for plaintiff.

Ralph C. Williamson, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Ottamar Hamele and Isadore Graff, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY. Judges.

GREEN, Judge.

Plaintiff brings this suit principally to recover what is claimed to be an overpayment on federal income and excess-profits taxes for the year 1920. Alternatively, in case it fails to recover for an overpayment on the taxes of 1920, it seeks to recover upon a claim for additional interest upon a refund allowed upon taxes for the year 1919, and also the year 1921 is involved if a refund for 1920 is allowed because of an increase in invested capital and a consequent refund of taxes for that year which will follow if the court decides that the plaintiff is entitled to the refund claimed for 1920.

A refund of $600,663.19 is claimed for the year 1920. Whether this refund should be granted depends upon the construction to be given the words "taxable year" as used in the Merchant Marine Act of 1920 (title 46, USCA c. 24, § 861 et seq., 41 Stat. 988). That portion of this act the construction of which is in dispute reads as follows:

"Deductions allowed owners of documented vessels of United States for income and excess-profits tax purposes. The owner of a vessel documented under the laws of the United States and operated in foreign trade shall, for each of the ten taxable years while so operated, beginning with the first taxable year ending after June 5, 1920, be allowed as a deduction for the purpose of ascertaining his net income subject to the war-profits and excess-profits taxes imposed by Title III of the Revenue Act of 1918 an amount equivalent to the net earnings of such vessel during such taxable year. * * *" Section 23 (46 USCA § 878).

The act also contained certain provisions which the owner of such vessel was required to comply with in order to be entitled to the deduction.

Plaintiff was the owner of such vessels, and its net earnings therefrom in foreign trade amounted to $11,200,184.35 for the calendar year 1920. It has complied with the provisions of the act and fully satisfied all the requirements to entitle it to the deduction of the full amount of its net earnings for that year.

On March 1, 1920, the plaintiff acquired for cash substantially all the stock of the Coastwise Transportation Company, a New Jersey corporation, and the two companies became affiliated corporations, within the meaning of section 240 of the Revenue Act of 1918. During the year 1920, neither was affiliated with any other corporation.

It was the practice of the plaintiff to keep its books and records on the basis of an established annual accounting period which ended with December 31st, and it had filed its returns in accordance therewith. Its return for the year 1920 was filed on March 15, 1921. This return was a consolidated return showing the income and invested capital of plaintiff for the full calendar year 1920, and the income and invested capital of the Coastwise Transportation Company for the period from March 1, 1920 to December 31, 1920, during which time the two corporations were affiliated.

The Coastwise Transportation Company kept its books and records on the basis of an annual accounting period ending with the last day of February. The end of the fiscal year 1920 therefore coincided with the date of the acquisition of its stock by the plaintiff, and it filed a return for the fiscal year ending February 29, 1920, and on December 31, 1920, closed its books of accounts and brought its accounting period into conformity with that of plaintiff.

In finally determining the plaintiff's tax liability for the year 1920, the Commissioner of Internal Revenue divided the calendar year into two taxable periods: One beginning January 1 and ending February 29, 1920, during which time the plaintiff and the Coastwise Transportation Company were not affiliated; and one beginning March 1 and ending December 31, 1920, during which time the two companies were affiliated. The computation of the tax liability for the period January 1 to February 29, inclusive, was based on the net income and invested capital for that period of the plaintiff alone, and the computation of the tax liability for the period March 1 to December 31, inclusive, was

based on the consolidated net income and invested capital of the affiliated companies for this period. Consequently, for the period of January 1 to February 29, 1920, the commissioner disallowed the deduction provided by section 23 of the Merchant Marine Act of 1920, the amount disallowed being two-twelfths of the net earnings of the plaintiff's vessels operated in foreign trade, or $1,866,-697.39. This disallowance resulted in the additional taxes, the refund of which is sought herein.

In refusing to make any deduction for the period from January 1 to February 29, 1920, the commissioner based his action upon the theory that this period was a separate taxable year, as it ended prior to the enactment of the Merchant Marine Act of June 5, 1920. If it was in fact a "taxable year" within the meaning of the statute, it was a year for which no deduction was allowable under the terms of the act. On the other hand, the plaintiff contends that the only return it was required to file for the year 1920 was the return which it made as stated above, being one return for the calendar year including the income and invested capital of both of the affiliated companies. As the issue between the parties is wholly with reference to the meaning of the words "taxable year" as used in the act, we next proceed to a consideration of that question.

At the outset it must be said that the words "taxable year," when used in the ordinarily accepted meaning, refer to the annual accounting period of a taxpayer. On the other hand, it must be conceded that the term "taxable year" has often been used to mean a period less than twelve months. The words "taxable year" therefore, as used in the Merchant Marine Act, are ambiguous, and it becomes necessary to determine the intent of Congress in the enactment of the statute from the surrounding circumstances.

The purpose of the act was to encourage the building of American ships to be operated in the foreign trade, and we think this aid was intended to be given during a period of ten years. We are led to this conclusion because if it were given for only a short period such as two or three years the benefit derived from it would be little in most cases and a newly organized company might get no benefit at all. Besides this, it is obvious that Congress intended that all companies complying with the provisions of the act should share in its benefits in proportion to the amount invested in new construction, otherwise the act would be a partial failure or

would be repealed. But if the construction insisted upon by the defendant was sustained and a new taxable year was created every time a new company was affiliated with the organization or dropped out and became non-affiliated, it is plain that there might be a dozen "taxable years" in the first two calendar years, and an organization which took in a number of small corporations having only a ship or two each would use up all of its benefits under the law in a brief period, while if a large corporation possessing a numerous fleet was affiliated the benefits of the law would be received although the benefit to the commerce of the United States would be no greater. It will be observed also that under the construction contended for by defendant if the affiliation in question had occurred after June 5, 1920, it would be conceded that plaintiff would be entitled to the benefits conferred by the act. In short, the construction contended for by defendant would not only cause the act to work inequitably and unfairly, but in such a manner as to lead it to fail to accomplish the purpose intended and, as we view it, the act would become unreasonable in its operations.

If the language used in the act was capable of only one interpretation, these matters would not prevent our applying it as it read but the words being ambiguous we may properly consider what would be a reasonable construction of the act in view of its manifest purpose.

The views expressed above are supported by other considerations. It will be observed that the Merchant Marine Act, after stating that the deduction should be allowed under certain conditions, stated that it should be "an amount equivalent to the net earnings of such vessel during such taxable year, determined in accordance with rules and regulations to be made by the board." It is possible that this did not authorize the board to determine what constituted a "taxable year," but it is quite clear what the board understood it to mean and it promulgated the following regulation with reference to this matter:

"The taxable year: These provisions take effect with the first taxable year ending after June 5th, 1920, the date of the enactment of the act. The term 'taxable year' means either the calendar year or the fiscal year of the owner who bases his return of income on the fiscal year. An owner whose tax return is based on its fiscal year, and whose fiscal year ended on June 30th, 1920, may apply the provisions of this section to net earnings

accruing any time during the taxable year preceding that date."

Moreover, the regulation made by the board was in accordance with the prior decisions of this court where there had been an affiliation of taxpaying corporations.

██ The theory upon which the commissioner based his decision, as before stated, was that when there was an affiliation of another corporation with the corporation which was seeking to obtain the benefits of the Merchant Marine Act, a new taxable year was created. This court has already passed upon that point and decided the question adversely to the contention made on behalf of the defendant. In Swift & Co. v. United States, 38 F. (2d) 365, 372, 69 Ct. Cl. 171, 188, this court approved a regulation reading in part as follows:

" * * * where two or more corporations are affiliated at the beginning of the taxable year, and through change in stock ownership (or control) additional corporations become affiliated, the parent or principal corporation should file a consolidated return and include the income of such corporations from the date of change of stock ownership. In either case, the subsidiary or subordinate corporation whose status is changed during the taxable year should make a separate return for that part of the taxable year during which it was outside of the affiliated group."

In Sweets Company of America v. Commissioner, 40 F.(2d) 436, 438, the Circuit Court of Appeals for the Second Circuit cited with approval the Swift & Co. Case, supra, and said:

"A change in the group does not create a new taxpayer nor change the 'taxable year' of those members whose affiliation continues."

██ It may be said that in the Swift & Co. Case and in the Sweets Co. Case, there was an affiliated group both prior to and after the change in affiliation but the theory upon which the decisions were based, namely, that a new taxable entity is not created by affiliation, and that the corporations retain their status as separate taxpayers except for tax computation purposes, applies directly to this case in which plaintiff is the parent or central corporation, the same as the plaintiff was in the Swift & Co. Case, and is the one as to which the taxable period is to be determined. In the Swift & Co. Case, it was

found that the books and records of the company were kept on a calendar-year basis for the purpose of ascertaining the amount of income and profits subject to tax. The same situation obtains in the case at bar, and we think that the same reasoning applies in both cases. Following the principle laid down in the regulation above quoted and the holding in the Swift & Co. Case, we think that the return of the plaintiff should be a consolidated return including the full calendar year of 1920, and that the subsidiary corporation should make a separate return for that part of the taxable year during which it was not affiliated with plaintiff.

██ Counsel for defendant have cited a number of cases in some of which a contrary rule has been adopted and in others some expressions are used which are not in harmony with the views herein expressed. We took these cases under consideration at the time the Swift & Co. Case was submitted and we were unable to concur in the doctrines therein expressed. Having reached the conclusion that plaintiff properly filed a consolidated return which included the full calendar year of 1920, we think it evident that Congress did not intend that in the administration of the various revenue acts such refinements should be placed upon the term "taxable year" as would defeat the evident purpose of the Merchant Marine Act of 1920 in many cases, and hold that the term "taxable year" as used in the act last referred to means a year for which the taxpayer properly filed a return. It follows that the term "taxable year," as used in the Merchant Marine Act, was correctly defined in the regulation of the Shipping Board set out above, and that the plaintiff is entitled to judgment for the refund claimed for 1920 with interest. The amount of this claim and the dates from which the payments made by plaintiff will draw interest are stipulated by the parties.

The parties agree that the decision that the plaintiff is entitled to the refund claimed for 1920 and interest will automatically dispose of the plaintiff's claim for additional interest on the overpayment for 1919, and that matter therefore needs no attention.

As to the refund claimed for 1921, the parties have stipulated that if the court holds that the plaintiff is entitled to the refund claimed for 1920, then, as a result thereof, it is also entitled to a refund for 1921 in the amount of $4,505.63 with interest thereon. Judgment will be entered accordingly.