## COMMISSIONER OF INTERNAL REVENUE v. BEN GINSBURG CO., Inc.

### No. 12.

Circuit Court of Appeals, Second Circuit.

Argued Oct. 14, 1931.
Decided Nov. 2, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and John H. McEvers, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and Percy S. Crewe, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for petitioner.

Lloyd Church, of New York City (A. W. Gregg, of Washington, D. C., of counsel), for respondent.

William P. Smith, of Washington, D. C., amicus curiæ.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The respondent and Mendelson & Sussman Company, Inc., are New York corporations, both having offices in the city of New York. On January 2, 1927, the respondent's stockholders acquired all the capital stock of Mendelson & Sussman Company, Inc., in the proportions in which they owned shares of stock of the respondent, and thereby the

corporations became affiliated for the taxable year 1927. In 1926, Mendelson & Sussman Company, Inc., sustained a net loss of $48,340.18, and for the year 1927 a net loss of $57,407.79. The net income of the respondent for 1927 was $101,934.11. The two affiliated corporations filed consolidated income tax returns for the year 1927. They determined the net income of the two affiliated corporations for 1927 by deducting the 1926 and 1927 losses of the Mendelson & Sussman Company, Inc. The Commissioner disallowed the deduction of the Mendelson & Sussman Company, Inc., 1926 loss, giving as his reason that the companies were not affiliated in 1926, and therefore that the loss was not that of the respondent. This action by the Commissioner left the consolidated net income to the affiliated companies of $44,526.32. This forms the basis for the deficiency.

The Board of Tax Appeals sustained the taxpayer's contention, allowed the deduction, and found that there was no deficiency.

The question, therefore, presented to us, is whether the respondent is entitled to have $48,340.18, the net loss of the Mendelson & Sussman Company, Inc., in 1926, used as a deduction in determining the net income of the affiliated group in 1927. Even though both corporations were affiliated in 1927, they each remained taxpayers, and their affiliation merely made them a tax computing unit. Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365, 379; Sweets Co. v. Commissioner, 40 F.(2d) 436 (C. C. A. 2). Sections 234, 232, 206, of the Revenue Act of 1926 (26 USCA §§ 986, 984, 937) authorized the use of a net loss in the computation of net income of a taxpayer for the taxable year, but section 206 (a) does not authorize the use of such net loss in the computation of a net loss for that year. Since each corporation of the affiliated group is a taxpayer, the net loss of each must be computed separately, and a net loss may not be carried forward and added to a net loss of the taxpayer unless the taxpayer has a net income for a succeeding year. Therefore a net loss for a previous year, 1926, could not be availed of by the affiliated return, since Mendelson & Sussman, Inc., had no net income in 1927. Affiliated returns are authorized by section 240 (a) of the Revenue Act of 1926 (26 USCA § 993 (a) as "a consolidated return of net income," under regulations prescribed by the Commissioner with the approval of the Secretary of the Treasury. Article 635 of Regulation 69, as promulgated, provides: "Subject to the provisions covering the determination of taxable net income of separate corporations, * * * the consolidated taxable net income shall be the combined net income of the several corporations consolidated." By this regulation, the affiliated group, filing a consolidated return, becomes a tax computing unit. It is not a taxable unit. Section 206 (a) defines the term "net loss" as being the "excess of the deductions allowed by section * * * 986 of this title over the gross income," and section 206 (b), 26 USCA § 937 (b) provides that, if "any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year')."

The right of deduction of a net loss computed under section 206 is restricted to the computation of the net income of the taxpayer. But a corporation of the affiliated group remains a taxpayer, and the deduction must be confined to the computation of the net income of the corporate entity. In Swift & Co. v. United States, supra, the corporation, which was not a member of the affiliated group in 1918, sustained a net loss during the year 1919. Speaking of the right to take advantage of this loss in computing the 1918 taxes, the Court of Claims said: "Of course this net loss will not be used in the consolidated computation for 1918 for the reason that this corporation was not a member of the 1918 group." And we said in Sweets Co. v. Commissioner, supra, that the statutory provisions for consolidated returns declared merely a method of computing the taxes of the corporation members of the group. It is section 240 (a) which authorized the net income of the affiliated group to be made up while computing the net incomes and losses of the several corporations and then consolidating the results of the several computations, thereby adding net income to net income and net loss to net loss and arriving at the taxable income by subtracting the composite net loss from the total net income. Section 206 (b) provides only that a net loss may be used in the computation of net income, but it may not be used in the computation of net loss. Under section 206

(b), the right to carry the deduction forward is limited to the third year (counting the taxable year as the first year), but the statute does not contemplate carrying forward the net loss and its addition to a net loss for the succeeding year and thus indefinitely until the combined net losses are offset by net income. The deduction is limited to the computation of net income. Burnet v. Moore Cotton Mills Co., 49 F. (2d) 59 (C. C. A. 4). It follows that, when the net income is reduced to zero, the function of the net loss provision ceases. In article 1622 of the Treasury Regulation 69, it is said: "It should be noticed, however, that a 'net loss' for a preceding year may not be considered in computing a 'net loss' for a succeeding year." Since a net loss in the previous year may not be added to the net loss for a subsequent year, in the instant case, because of the lack of net income by Mendelson & Sussman Company in 1927, it cannot affect such taxpayer's net loss upon the computation of the consolidated net income. Woolford Realty Co. v. Rose (D. C.) 44 F.(2d) 856. The income tax law has defined net income and provides the formula for its computation, and has defined net loss and prescribed the formula for its computation; these formulæ are exclusive. Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 73 L. Ed. 379. The congressional intent is plain, and it is the duty of the courts to give effect thereto. United States v. Goldenberg, 168 U. S. 95, 18 S. Ct. 3, 42 L. Ed. 394.

We are referred to National Slag Co. v. Commissioner, 47 F.(2d) 846 (C. C. A. 3), which seems to be in conflict with these views as well as with Sweets Co. v. Com'r, supra. We think the purpose of Congress was to provide affiliation of corporations based upon the theory that common stockholders of two or more corporations, whose holdings are substantially the same in each or all, bear the ultimate burden of tax equally and equitably, regardless of whether it rests primarily upon one or the other of the affiliated corporations. Commissioner v. Adolph Hirsch & Co., 30 F.(2d) 645 (C. C. A. 2). If the respondent were permitted to obtain credit for the losses sustained by Mendelson & Sussman Company at a time when the two companies were not affiliated, the common stockholders of the corporation would not bear the ultimate burden of tax equally or equitably.

Order reversed.