## ELBEE CHOCOLATE CO. v. UNITED STATES.

### No. 306.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Irving Levinson, of Brooklyn, N. Y., for petitioner.

Howard W. Ameli, U. S. Atty., and Herbert H. Kellogg and Albert D. Smith, Assts. U. S. Atty., all of Brooklyn, N. Y. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. E. Angevine, both of Washington, D. C., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The plaintiff asks for a rehearing because of the last part of section 284 (g) of the Act of 1926 (26 USCA § 1065 (g), which provides as to taxes for 1918, that if the taxpayer, having given a waiver on or before June 15, 1924, has extended it "either by the filing of a new waiver or by the extension of the original waiver," he shall have until April 1, 1926, within which to file a claim for credit or refund. The stipulated facts on which the case was tried read that the three affiliates filed "timely waivers extending the time to make assessments of any additional taxes found due against such companies until January 17, 1926." We are asked to construe this as meaning that they filed successive waivers, or extended their original waivers; this because "it is a matter of common knowledge that at that time the form of the waivers used by the Commissioner provided for an extension of time for one year from date." The stipulation does not so read. The plural used was appropriate to the three affiliates, which may originally have filed separate waivers. Whether they later filed new waivers does not definitely appear, and the plaintiff had the burden of proof.

However, even though we should take the judicial notice which the plaintiff asks, we should merely have to choose between the alternatives which we first suggested. The Board of Tax Appeals steadily ruled, until section 501 of the Act of 1928 (26 USCA § 993 and note) changed the law, that a notice of deficiency must be given to that member of an affiliated group which sought to appeal. Appeal of Caughey-Jossman Co., 8 B. T. A. 201; Appeal of American Creosoting Co., 12 B. T. A. 247; Appeal of New York Talking Machine Co., 13 B. T. A. 154; Appeal of Phœnix National Bank, 14 B. T. A. 115. The ground for this was that section 240(a) of 1918 (40 Stat. 1081) provided that the tax

levied upon the consolidated return was to be apportioned and assessed separately against the affiliates, which remained throughout separate taxpayers. The return was only a means of computing the several taxes. Cf. Swift & Co. v. U. S., 38 F.(2d) 365, 375, 376 (Ct. Cl.); Sweets Co. of America v. Com'r., 40 F.(2d) 436, 438 (C. C. A. 2); Fire Companies Bldg. Co. v. Commissioner, 54 F.(2d) 488 (C. C. A. 2). This seems to us the proper view, and therefore the petition of Levine Brothers to the Board in September, 1925, could not be regarded as an amendment of the plaintiff's claims of 1922 and 1924. As it happens, no injustice results. The decision of the Board in Appeal of Caughey-Jossman, supra, 8 B. T. A. 201, was handed down on September 27, 1927, over six months before the Commissioner rejected the claim in April, 1928. That decision then advised the plaintiff that the petition of Levine Bros. could not affect its rights.

Rehearing denied.