**WEST MISSOURI POWER CO. v. BURNET,**
Commissioner of Internal Revenue.
No. 9682.

Circuit Court of Appeals, Eighth Circuit.
July 3, 1933.

Affirmed.

A. Z. Patterson, of Kansas City, Mo., for petitioner.

John MacC. Hudson, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

Petitioner, a Missouri corporation, on or about September 30, 1924, acquired all the stock of the Fort Scott & Nevada Light, Heat, Water & Power Company, a Kansas corporation, the name of which was subsequently changed to the Eastern Kansas Pipe Line Company, and the petitioner continued to own and control all the stock of the Kansas corporation through the years 1925 and 1926. The affiliated corporation filed separate income tax returns for 1924, but for 1925 and 1926 they elected to file consolidated returns of the net income of both corporations for such years.

In 1923 petitioner sustained a net loss of $87,903.39. In 1924 it had a net income, before deduction for the prior net loss, of $27,274.31, but, after allowing a deduction for the 1923 net loss, it had no taxable income for 1924, and there remained unabsorbed $60,629.08 of the 1923 net loss to be allowed as a deduction in computing its net income for 1925.

In 1924 the Kansas corporation sustained a net loss of $60,522.30, of which $33,983.64 was sustained during the last three months of the year, at which time petitioner and the Kansas corporation were affiliated.

In 1925 petitioner had a net income, computed separately, after allowing the deduction of its unabsorbed 1923 net loss, of $40,308.70; and the Kansas corporation, considered separately, sustained a net loss of $4,833.63, without allowance of a deduction for its 1924 net loss.

In 1926 petitioner, considered separately, had a net income of $66,379.25, while the Kansas corporation, considered separately, sustained a net loss of $4,920.13.

In computing the consolidated net income of petitioner and the Kansas corporation as affiliated corporations for 1925 and 1926, the Commissioner refused to allow any deduction for the net loss sustained by the Kansas corporation in 1924, but allowed a deduction of the net loss sustained by the Kansas corporation for the years 1925 and 1926. On appeal to the Board of Tax Appeals the decision of the Commissioner was sustained.

Section 206 (e), Revenue Act of 1926 (26 USCA § 937 (e), provides: "If for the taxable year 1923, a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, or if for the taxable year 1924 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1924, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this chapter, allowed as a deduction for the two succeeding taxable years."

Section 240 (c), Revenue Act of 1924 (26 USCA § 993 (c), provides: "For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others."

Section 206 (b), Revenue Act of 1926 (26 USCA § 937 (b), provides: "If, for any taxable year, it appears upon the production of evidence satisfactory to the commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year') and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the commissioner with the approval of the Secretary."

Section 240 (a, b), Revenue Act of 1926 (26 USCA § 993 (a, b), provides:

"(a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this chapter, in which case the taxes thereunder shall be computed and determined upon the basis of such return. If return is made on either of such bases, all returns thereafter made shall be upon the same basis unless permission to change the basis is granted by the commissioner.

"(b) In any case in which a tax is assessed upon the basis of a consolidated return, the

647

total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. There shall be allowed in computing the income tax only one specific credit computed as provided in subdivision (b) of section 988 [236]."

It is the contention of petitioner that, in computing the consolidated net income of itself and the Kansas corporation for 1925 and 1926, it was entitled to deduct the statutory "net loss" sustained by the Kansas corporation in 1924. Respondent, on the other hand, contends, and the Commissioner and Board of Tax Appeals held, that the 1924 "net loss" of the Kansas corporation was not an allowable deduction in 1925 and 1926, and that, since the Kansas corporation had no net income, but sustained losses in each of the years 1925 and 1926, the 1924 net loss could not be deducted from the net income of petitioner during the same years.

Petitioner and the Kansas corporation became affiliated on September 30, 1924, and each filed separate returns of net income for 1924. It was not until 1925 and 1926 that they filed consolidated returns of net income. If the net loss of the Kansas corporation for 1924 be allowed as a deduction from petitioner's net income for 1925, it would wipe out the entire net income for that year, leaving a balance of net loss to be deducted from the net income of 1926. The income tax statutes contemplate the computation of gains and losses on the basis of an annual accounting for the transactions of the year, and an allowance for losses suffered in a prior year can be sustained only when specifically authorized by statute. Each corporation joining in a consolidated return remains a taxpayer, and the tax is to be assessed, in the absence of agreement to the contrary, to the respective affiliated corporations "on the basis of the net income properly assignable to each." The fact of affiliation does not detroy the identity of the corporation. The statute which allows a deduction for a prior net loss from the net income of a succeeding year is a departure from the general principle of computing net income upon an annual basis. It grants such a right to the particular taxpayer sustaining the net loss. The petitioner alone had a net income in 1925 and 1926. The petitioner is not the taxpayer which sustained the net loss in 1924.

It will be observed that the Kansas corporation was not affiliated with petitioner un-

til September, 1924; for the year 1924 each company made a separate income tax return; the Kansas corporation had a net loss for 1924, but no net income against which to charge such loss in 1925 and 1926. In the circumstances here presented, we are of the view that petitioner was not entitled to deduct the 1924 loss of the Kansas corporation from its own net income in 1925 and 1926. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 569, 76 L. Ed. 1128; Commissioner v. Ben Ginsburg Co. (C. C. A.) 54 F.(2d) 238; Swift & Co. v. United States (Ct. Cl.) 38 F. (2d) 365.

In Woolford Realty Co. v. Rose, supra, two corporations became affiliated in 1927 and filed a consolidated return of net income for that year. One of the corporations had sustained net losses in 1925 and 1926 for which a deduction was claimed in computing consolidated net income in 1927, for which year the same corporation had no net income. In the course of the opinion by Mr. Justice Cardozo, after referring to the fact that one of the affiliated companies did not have any net income in 1927, it is said:

"Its operations for that year resulted in a loss. There was therefore nothing from which earlier losses could be deducted, for the net income without any such deductions was still a minus quantity. The tax for the year was nothing, and the losses of other years could not serve to make it less. The petitioner would have us hold that the minus quantities for all the years should be added together, and the total turned over by the company suffering the loss as an allowance to be made to the company realizing the gain. In that view of the statute, a net loss for a taxable year becomes, for the purpose of determining the burdens of affiliated corporations, though not for any other, the equivalent of a net income, and deductions which the statute has said shall be made only from net income may, none the less, by some process of legerdemain, be subtracted from the loss.

" * * * The fact is not to be ignored that each of two or more corporations joining (under section 240 [26 USCA § 993]) in a consolidated return is none the less a taxpayer. Commissioner v. Ben Ginsburg Co. (C. C. A.) 54 F.(2d) 238, 239. By the express terms of the statute, section 240 (b) [26 USCA § 993 (b)], the tax when computed is to be assessed, in the absence of agreement to the contrary, upon the respective affiliated corporations 'on the basis of the net income properly assignable to each.' 'The term "taxpayer" includes any person * * * subject to a tax imposed by this Act.' Revenue

Act of 1921, § 2 (9), 42 Stat. 227. A corporation does not cease to be such a person by affiliating with another.

"* * * The petitioner was prosperous in 1927, and so far as the record shows for many years before. Piedmont was unfortunate in 1927, and unfortunate in the years preceding. The petitioner, affiliating in 1927, has been allowed the loss suffered by Piedmont through the business of that year as a permissible deduction from the consolidated balance. What it claims is a right to deduct the losses that were suffered in earlier years when the companies were separate. To such an attempt the reaction of an impartial mind is little short of instinctive that the deduction is unreasonable and cannot have been intended by the framers of the statute."

In Commissioner v. Ben Ginsburg Co., supra, decided by the Circuit Court of Appeals of the Second Circuit, that court considered the question as to whether the petitioner was entitled to have the net loss suffered by its affiliate a year before it became affiliated used as a deduction in determining the net income of the affiliated group. In the course of the opinion in that case it is said inter alia:

"Since each corporation of the affiliated group is a taxpayer, the net loss of each must be computed separately, and a net loss may not be carried forward and added to a net loss of the taxpayer unless the taxpayer has a net income for a succeeding year. Therefore a net loss for a previous year, 1926, could not be availed of by the affiliated return, since Mendelson & Sussman, Inc., had no net income in 1927. * * *

"The right of deduction of a net loss computed under section 206 [26 USCA § 937] is restricted to the computation of the net income of the taxpayer. But a corporation of the affiliated group remains a taxpayer, and the deduction must be confined to the computation of the net income of the corporate entity. * * * It is section 240 (a) [26 USCA § 993 (a)] which authorized the net income of the affiliated group to be made up while computing the net incomes and losses of the several corporations and then consolidating the results of the several computations, thereby adding net income to net income and net loss to net loss and arriving at the taxable income by subtracting the composite net loss from the total net income. Section 206 (b) provides only that a net loss may be used in the computation of net income, but it may not be used in the computation of net loss."

During two-thirds of the year 1924, the Kansas corporation was not affiliated with petitioner, and, as has been observed, each company filed a separate income tax return for that year. Whether the companies might have filed a consolidated return for a portion of the year need not be considered, because each company filed a separate return and thereby elected to be treated separately for the year 1924. The loss suffered by the Kansas corporation for 1924 must therefore be considered as the individual loss of that corporation, and, under the authorities, this loss was clearly not allowable as a deduction from the petitioner's net income for the years 1925 and 1926.

The decision of the Board of Tax Appeals is therefore affirmed.