## COMMISSIONER OF INTERNAL REVENUE v. VAN CAMP PACKING CO., Inc.

### No. 4978.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1933.

Sewall Key, John H. McEvers, E. Barrett Prettyman, and J. M. Leinenkugel, all of Washington, D. C., for petitioner.

Paul E. Shorb, of Washington, D. C., and Eugene C. Miller, of Indianapolis, Ind. (Covington, Burling & Rublee, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

There is involved the taxability of gains realized by Van Camp Tank Car Company, a

corporation, from its purchase and sale of corporate shares of respondent, its corporate affiliate, which made a consolidated income tax return for the affiliated group.

In 1924, 1925, and 1926 respondent owned all the capital stock of its corporate affiliates, including Van Camp Tank Car Company, and for each of these years made for the affiliated group a statutory consolidated federal income tax return. In 1924 Van Camp Tank Car Company purchased from Rollins & Son 13,-120 shares of respondent's capital stock, and in 1926 sold 10,000 of those shares to Wakefield & Co. at an advance of $125,000 above their cost. Neither Rollins nor Wakefield bore any relation to the affiliated corporations, and the affiliation continued after these stock transactions.

Treasury Regulations prescribed that, where a corporation deals in its own stock, neither taxable gain nor deductible loss can arise therefrom, and this the Board of Tax Appeals has applied in a series of decisions. In this case it held that the consolidated return must be treated as the return of a single taxpayer, and that the transaction in issue must be regarded in the same light as if it had been a purchase and sale by respondent of its own capital stock, from which no taxable gain can arise. 26 B. T. A. 256 (in which other of the Board's decisions to same effect are cited, notably Appeal of Farmers Deposit National Bank, 5 B. T. A. 520).

■ Without here questioning the correctness of the decision holding untaxable a gain realized by a corporation through buying and selling shares of its own capital stock, is it applicable to situations where the gain resulted through purchase and sale by the corporation not of its own stock, but capital stock of one of its affiliates? The Board of Tax Appeals held the gain in such a transaction to be one affecting the capital structure of the consolidated group and therefore not taxable.

The authority for making consolidated returns for affiliated corporations is found in section 240 (a) of the Revenue Act of 1926 (26 USCA § 993 (a), which is the same as in previous and subsequent revenue acts. But for this legislation permitting consolidated returns no such return could have been made, and each of these affiliated corporations would have been required to make its own return without regard to those of its affiliates.

Section 240 did not require affiliated corporations to make consolidated return, but it was optional with them. The returns might be separate or consolidated, as the greater advantage of the group might suggest. But, had there been no consolidated return, and had each of the group made separate return, the gain on this stock transaction would have been taxable to Van Camp Tank Car Company.

Section 240 (a) of the Revenue Act of 1926 does not purport to alter any subject-matter of taxation. It does not make taxable that which without it would not be taxed, nor withdraw from taxation that which would otherwise have been taxable. While it authorizes the single return for the affiliated group, this has to do, not with the specific items of taxation or deduction, but only with the manner of the return and the grouping of gains and losses, so that deductible losses accruing to one or more of the affiliates may be deducted from the total gains of all the affiliates. If this course is advantageous to the group, it may make consolidated return accordingly.

■ In our judgment, the question in no manner depends on whether the consolidated return may be denominated the return of a "single taxpayer." In a certain sense, the one making such return may be so designated, but only in the sense of making a single return for the affiliates to enable them to take the advantages which the statute accords to such affiliates. But for all other purposes they remain as they were—individual taxpayers.

In Woolford Realty Co. v. Rose, Collector, 286 U. S. 319 (52 S. Ct. 568, 570, 76 L. Ed. 1128), the court said: "The fact is not to be ignored that each of two or more corporations joining (under section 240) in a consolidated return is none the less a taxpayer. Commissioner v. Ginsburg Co., 54 F.(2d) 238, 239. By the express terms of the statute (section 240 (b) the tax when computed is to be assessed, in the absence of agreement to the contrary, upon the respective affiliated corporations 'on the basis of the net income properly assignable to each.' 'The term "taxpayer" means any person subject to a tax imposed by this Act.' * * * A corporation does not cease to be such a person by affiliating with another."

In the Ginsburg case (C. C. A. 2) the court said: "Even though both corporations were affiliated in 1927, they each remained taxpayers, and their affiliation merely made them a tax computing unit. Swift & Co. v. United States (Ct. Cl.) 38 F.(2d) 365, 379; Sweets Co. v. Commissioner, 40 F.(2d) 436 (C. C. A. 2). * * * But a corporation of the affiliated group remains a taxpayer, and the deduction must be confined to the

computation of the net income of the corporate entity. * * * And we said in Sweets Co. v. Commissioner, supra, that the statutory provisions for consolidated returns declared merely a method of computing the taxes of the corporation members of the group. It is section 240 (a) which authorized the net income of the affiliated group to be made up while computing the net incomes and losses of the several corporations and then consolidating the results of the several computations, thereby adding net income to net income and net loss to net loss and arriving at the taxable income by subtracting the composite net loss from the total net income."

If this gain would have been, but for the consolidated return, taxable to Van Camp Tank Car Company, its taxability remained unaffected by the making of a consolidated return.

We believe the Board of Tax Appeals to have been in error in holding this gain to have been nontaxable, and its decision is reversed, and the cause is remanded to the Board of Tax Appeals for further proceedings consonant with these views.