CONTINENTAL BAKING CO., Inc., v. UNITED STATES.

No. 42210.

Court of Claims.
June 3, 1935.

Raymond F. Garrity, of Washington, D. C., for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

The only issue in the case is whether the claim for refund or the petition to the Board of Tax Appeals was filed within

the time allowed by law so as to entitle the plaintiff to the refund herein claimed.

The tax which plaintiff seeks to have refunded was paid for the fiscal year ending February 28, 1922, and is now conceded to have been overpaid. But as the plaintiff did not file its claim for refund or petition to the Board of Tax Appeals within four years from the date the tax was paid recovery is barred by section 284 (b) (1) and (e) (2) of the Revenue Act of 1926, 26 USCA § 1065 (b) (1) and note, unless plaintiff's case comes under the exception made by section 284 (g) of that act, 26 USCA § 1065 (g), which provides that if the taxpayer has on or before June 15, 1926, filed a waiver in respect of taxes due for the taxable year 1921, then such credit or refund relating to the taxes for the taxable year 1921 shall be allowed or made if claim therefor is filed on or before April 1, 1927, or within four years from the time when the tax was paid. Waivers were filed by plaintiff which under other provisions of section 284 (g) extend the time for filing the claim for refund to April 1, 1928.

The claim for refund and the appeal to the Board of Tax Appeals were both filed before April 1, 1928. It is the contention of plaintiff that the words "taxable year," as used in section 284 (g), cover the taxes paid by plaintiff for the ten-month period following within the calendar year 1921 and therefore the amount overpaid for that period is refundable.

The act made no special provision for the taxable year 1922 and as above stated, the return which plaintiff filed was for the fiscal year ending February 28, 1922. In effect plaintiff's contention is that the words "taxes due for the taxable year 1921" mean taxes due for the taxable period of 1921, and it is argued that the phrase "taxable year" does not always have the same meaning in the statutes. But the words "taxable year" are specifically defined in the Revenue Act. Section 200 (a) of the Revenue Act of 1926 (26 USCA § 931(a), provides:

"(a) The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232 [section 953 or 984 of this title]. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December."

This provision, we think, must control the decision in the case. Plaintiff cites the case of American-Hawaiian S. S. Co. v. United States, 46 F.(2d) 592, 71 Ct. Cl. 506, to show that the words "taxable year" in their ordinarily accepted meaning refer to the annual accounting period of a taxpayer and that on the other hand the words were often used to mean a period less than twelve months. But the court was there referring to these words as used in the Merchant Marine Act (section 23 [46 USCA § 878]). The case of Helvering v. Morgan's, Inc., 293 U. S. 121, 55 S. Ct. 60, 79 L. Ed. 232, is also cited, wherein the Supreme Court said in effect that the same meaning need not always be attributed to the phrase "taxable year" even in the same section. But the Supreme Court also said in substance in the note on page 125 of 293 U. S., on page 62 of 55 S. Ct., that where certain words were stated to "mean" a definition subsequently given, "the term and its definition are to be interchangeable equivalents," but where the word "includes" was used instead of "means" the reference was to a general class some of whose particular references were those specified in the definition. In the provision which we are considering the word "means" is used, and we do not think we are at liberty to give the word so defined any other meaning than that contained in the definition.

If we are correct in what is stated above, taxes of the "taxable year" in the case before us mean, under the statute, taxes for the fiscal year ending February 28, 1922, and while part of these taxes accrued during the year 1921, they are nevertheless a part of the taxes for the "taxable year" of 1922 as the fiscal year ended in that year and the plaintiff's suit is for taxes of 1922. The proceedings before the Board of Tax Appeals and the filing of its claim for refund were therefore too late to permit it to recover under the statute.

Our construction of the act leaves the plaintiff without any remedy. The situation is possibly unfortunate but the distinction made by Congress was one which depended on a time arbitrarily fixed. Had plaintiff been more prompt in its action its recovery would have been assured. As it is, we are compelled to order the petition dismissed.