538

### UNITED STATES v. ERB et al.
### No. 12.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Blake & Voorhees, of New York City (Tracy S. Voorhees, of New York City, Lee I. Park, of Washington, D. C., and Edward I. Devlin, Jr., of New York City, of counsel), for appellants.

F. W. H. Adams, U. S. Atty., of New York City (Leon E. Spencer, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On March 14, 1925, the Commissioner of Internal Revenue assessed additional income taxes amounting to $139,750.-66 against Elmer E. Smathers, of whose will the defendants became executors. Smathers thereafter filed a claim for the reconsideration of the assessment and the abatement of the tax, and as security for payment of such amount as, on reconsideration, might be found due, together with penalties, gave his personal bond for $150,000. On February 5, 1927, the claim for abatement was allowed to the extent of $10,952.27, but was otherwise rejected so that the assessment up to $128,-792.39 remained. Thereafter a notice and demand for payment was given to Smathers, and after his death on January 11, 1928, to the defendants as executors of his will, but the tax was not paid.

In 1931, the United States brought an action against the defendants for the recovery of the alleged deficiency which is still pending undetermined, and on January 30, 1933, brought the present action to recover on the bond.

The condition of the bond was: "If the said claim in abatement shall be denied in whole or in part by the Bureau of Internal Revenue, and upon notice and demand of the said Charles W. Anderson, Collector of Internal Revenue, or his successor in office, the said E. E. Smathers pays to the said Charles W. Anderson, as Collector of Internal Revenue, or his successor in office, the said tax, or such amount thereof as may be found due, together with such penalties and interest as may accrue thereon, then this obligation to be null and void; otherwise to be and remain in full force and effect."

The answer to the complaint for recovery on the bond alleged that the assessment was erroneous in that it did not make a proper allowance for depletion on certain oil properties in which the testator was interested, and stated if that had been done Smathers' income would have been found to be far below the assessment as finally made.

The plaintiff moved for summary judgment on the pleadings on the ground that the defendants had no right to question the validity or amount of the assessment where the action was to recover on the bond. On July 30, 1934, the District Court filed an opinion holding that the defense was bad and that the motion for summary judgment should be granted to the extent of $128,792.39 (the amount

for which the claim in abatement had been rejected) together with penalties and interest.

On October 16, 1934, the defendants, as executors of the will of Smathers, paid to the collector of internal revenue the sum of $202,633.93, being the amount of the additional assessment of income taxes of the decedent as abated, to wit, $128,-792.39, together with interest thereon at the rate of 6 per cent. from March 26, 1925, to October 16, 1934, in the sum of $73,841.54, and obtained from the collector a receipt dated October 16, 1934, for the total amount, which recited: "Payment on account of income tax and interest for the year 1918 as per suit on bond in United States Court." An affidavit as to the foregoing payment verified October 17, 1934, was filed with the District Court and recited in the order of court dated October 18, 1934, which granted the motion and ordered judgment in the action on the bond for the sum of $150,000 and interest. It seems to be conceded that the amount paid to the collector was the equivalent of the full amount due the United States on account of the income taxes which had been assessed.

On October 20, 1934, and pursuant to the foregoing order, judgment was entered for the United States against the defendants for the sum of $199,626.36, being for the face of the bond with interest thereon in the sum of $49,600, and $26.36 costs. The judge who granted the motion, at the request of the defendants, in this action made the following indorsement on the judgment:

"At the request of the defendants the payment made by the defendants to the Collector on October 16, 1934, of $202,-633.93, is credited against the within judgment to the extent necessary to satisfy the judgment.

"This notation is made over the opposition of the government."

■ While the action to recover on the bond is entirely distinct from an action to recover the amount of the tax and would not be defeated by proof that the tax was improperly assessed or was barred by the statute of limitation, the recovery is limited to the actual damages suffered which, in this case, could only be the amount of the taxes which were unpaid. United States v. Mack, 295 U. S. 480, 485, 55 S. Ct. 813, 79 L. Ed. 1559.

■ Inasmuch as the full amount of taxes had been liquidated and this fact was brought to the attention of the court, we can see no basis for entry of judgment. While the indorsement on the judgment might suffice to prevent the issue of execution, the defendants should not have been subjected to any results which might follow from the making of an adjudication. It is true that when the motion was made and the opinion was handed down there was no defense to the plaintiff's claim, but before any order was entered it was shown that the taxes had been paid and consequently that the government had suffered no damage by reason of the breach of the terms of the abatement bond. The liability was satisfied by payment of the tax prior to the making of the order and the entry of the judgment. The payment of the tax had overcome the prima facie proof of liability arising from the assessment and rendered the entry of judgment improper. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131.

Judgment reversed.