## ROYAL INDEMNITY CO. v. UNITED STATES.

## UNITED STATES v. ROYAL INDEMNITY CO.

### Nos. 8596, 8597.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1941.

Charles I. Dawson, and Arthur W. Grafton, both of Louisville, Ky. (Chas. I. Dawson, Arthur W. Grafton, and Woodward, Dawson & Hobson, all of Louisville, Ky., on the brief), for Royal Indemnity Co.

Paul S. McMahon, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Norman D. Keller, and Paul R. Russell, all of Washington, D. C., and Eli H. Brown, III, U. S. Atty., of Louisville, Ky., on the brief), for the United States.

Before HICKS, SIMONS, and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

The appeal challenges the liability imposed on the appellant as surety for the Louisville Woolen Mills under a bond filed with the Commissioner of Internal Revenue for the purpose of securing the United States in the collection of the final installment of income and excess profits tax for the year 1918.

For that year the Louisville Woolen Mills filed its individual tentative return showing taxes due from it in the amount of $129,364. It paid the first three quarterly installments upon its tax liability, but before the last payment of $32,341 became due the taxpayer filed its claim for abatement, asserting that it was entitled to the benefits of the special assessment provision, §§ 327 and 328 of the Revenue Act of 1918, 40 Stat. 1093. It asked that collection of this installment be postponed until the claim for abatement had been passed upon, and its request was granted upon condition that it execute a bond to secure the United States in the collection of the postponed installment. The bond as executed recited that it was "in consideration of withholding collection of said taxes at this time and until such time as the Honorable Commissioner of Internal Revenue may pass upon the claim for abatement of said assessed taxes filed by the principal herein, and in order to protect the United States Government and Elwood Hamilton, Collector of Internal Revenue of the Kentucky District, against any loss, cost or damage by reason of the said claim for abatement." The bond further recited that the principal and surety bound themselves "to hold the said Elwood Hamilton, Collector of Internal Revenue as aforesaid, entirely harmless from all loss, costs, and damages he may sustain by reason of his having given to the said principal, that is, the Louisville Woolen Mills, an extension

of time within which to obtain a final ruling from the Honorable Commissioner of Internal Revenue as to the liability of said Louisville Woolen Mills for the said assessment; and further to pay the sum of $32,341.24, or as much thereof, if any, as the Honorable Commissioner of Internal Revenue shall find from his rulings to be due to the United States from the said Louisville Woolen Mills on account of the said assessment, with interest thereon at the rate of one per cent per month from the 15th day of December, 1919, together with all costs and penalties thereon which may accrue."

On October 26, 1920, without having acted upon the claim of abatement, the Commissioner, by letter, advised the American Textile Woolen Company with which the taxpayer was affiliated, that a consolidated return was required under subsection (b) of § 240, 40 Stat. 1081, 1082. See American Textile Woolen Co. v. Commissioner, 6 Cir., 68 F.2d 820. The American Textile Woolen Company complied and on February 12, 1921, filed a consolidated return for itself and affiliates, including the Louisville Woolen Mills, and on October 7, 1925, the Commissioner advised it of a final determination of deficiencies that he proposed to assess in their entirety against American. An appeal to the Board of Tax Appeals followed, resulting in a decision by the Board that the tax due upon the consolidated return should be assessed in its entirety against American, and that there was a deficiency of $39,362 in the payment of its tax. This was arrived at by crediting upon the aggregate tax liability of the affiliated corporations the taxes assessed against each upon their separate returns and crediting a payment of $100,000 paid by American to apply on the total liability. Of this amount Louisville contributed $30,000. In crediting against the aggregate tax liability of the group the amounts assessed upon the original separate returns of the affiliated corporations, the Commissioner allowed a credit to American not only the three installments of 1918 taxes paid by Louisville, but also the fourth installment, which, though unpaid, had been secured by its bond with the appellant as surety.

On August 23, 1932, the Commissioner advised Louisville that he had rejected its claim for abatement. He made demand upon it for the payment of the postponed installment, and upon the failure to obtain payment instituted the present suit against the surety of its bond. While Louisville as principal was made a party defendant, it was so hopelessly insolvent that it was never brought into court and no judgment was rendered against it. A demurrer to the complaint was overruled and judgment entered for the United States in the court below for the face of the bond with interest at the rate of six per cent per annum from December 15, 1919, until paid. The surety appeals from the judgment, asserting non-liability, and the United States cross-appeals because of an asserted inadequate allowance of interest.

The appellant contends that there was no ruling on the part of the Commissioner maturing its liability upon the bond. It points to the language of that instrument as limiting its liability to pay the sum of $32,341.24 on account of an assessment originally made against its principal. It urges that upon the filing of the consolidated return and the assessment of the tax in its entirety against American, the individual assessment against Louisville was, in effect, expunged and nullified, and since no new assessment was ever made against Louisville for any portion of the tax, the obligation of the surety, under the terms of the bond, never attached. On the other hand, the government insists that the appellant is attacking the Commissioner's determination of a tax liability asserted against its principal, and that this may not be done collaterally under the adjudicated cases.

At the time the bond was executed there was an assessment against the principal upon its individual tax return. The Commissioner could have enforced collection of the unpaid fourth installment thereof. It was an act of grace to permit the taxpayer to postpone payment until the claim for abatement should be acted upon, and to permit it to substitute the bond for the obligated payment. That thereafter a consolidated return was filed leading to an assessment of the entire tax liability of the group of affiliates against American did not alter the status of Louisville as a taxpayer, nor did it release the surety from its obligation upon its bond. An affiliated group filing a consolidated return becomes a tax computing unit. It is not a taxable unit. Commissioner of Internal Revenue v. Ben Ginsburg Co., 2 Cir., 54 F.2d 238; Sweets Co. v. Com'r, 2 Cir., 40 F.2d 436; Swift & Co. v. United States, Ct.Cl., 38 F.2d 365, 379. The application of payments

made on the individual assessments of the affiliates to the tax liability of the group was assumed, upon a substantial factual basis, to have been made with their consent. American Textile Woolen Co. v. Com'r, supra, 68 F.2d page 823. It must also be assumed that the credit for the fourth installment secured by the bond was likewise with the consent of Louisville. Moreover, Louisville's share in the aggregate tax liability amounted to $167,520.57. Its three installments of taxes paid, its fourth installment secured by the bond, and its $30,000 contribution to the $100,000 paid on account by American, do not, in the aggregate, liquidate the sum assignable to it as its share of the total tax liability of the affiliated companies.

It must not be forgotten that the suit is on the bond and not for the collection of a tax. The liability for the tax as tax may have been terminated, though this we do not decide, or, as in United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 367, 73 L.Ed. 743, collection may become impossible because of the running of time, but this has no bearing upon the obligation of the surety upon the bond. As was said in the Barth case, "the object of the bond was not only to prevent the immediate collection of the tax, but also to prevent the running of time against the government. The taxpayer has obtained his object by the use of the bond, and he should not object to making good the contract by which he obtained the delay he sought." As pointed out in Simmons Mfg. Co. v. Routzahn, 6 Cir., 62 F.2d 947, 950, "but for the bond, the collector could have made collection."

In insisting that the appellant's liability was not matured because limited to taxes due the United States "on account of said assessments," the appellant overlooks the fact that the surety undertook to hold the collector harmless from all loss and damages he might sustain by reason of his having given to the principal an extension within which to obtain a final ruling, and the further obligation of the surety to pay the sum of $32,341.24, or as much thereof, if any, as the Commissioner shall find from his rulings to be due the United States. The Commissioner, by his demand for collection, made the ruling contemplated by the bond, and it is not within the province of the surety to insist collaterally upon formalities perhaps imperative in the collection of a tax. The obligation is one of contract.

Since the obligation of the bond was to save the collector harmless from any loss he might sustain by reason of his having granted the extension, interest was properly limited to the amount collectible from the taxpayer under the statute, which, by § 250(e), 40 Stat. 1083, limits recovery to one-half per cent per month to the date of the rejection of the claim, and to twelve per cent per annum thereafter until paid. This result has the approval of the authorities. United States v. Erb, 2 Cir., 79 F.2d 538; Maryland Cas. Co. v. United States, 5 Cir., 76 F.2d 626.

The judgment below in favor of the United States is affirmed. The cross-appeal of the government is dismissed.